# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. JASON MAJORS,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>TRANSPORTATION SECURITY ADMINISTRATION, DELTA AIR LINES, INC., and SAN DIEGO REGIONAL AIRPORT AUTHORITY,<br><br>　　　　　　　　　Defendants. | CASE NO. 08-CV-2032-IEG (POR)<br><br>**ORDER GRANTING DEFENDANT DELTA AIR LINES, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 14.]** |

Presently before the Court is defendant Delta Air Lines, Inc.'s ("Delta") motion to dismiss Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. (Doc. No. 14.) For the reasons stated herein, the Court grants Delta's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jason Majors, proceeding *pro se*, brings this action under Title 42 U.S.C. § 1983, alleging violations of his constitutional rights. The allegations arise from discriminatory treatment Plaintiff contends he suffered at the San Diego International Airport on September 28, 2008. On that day, Plaintiff alleges he was standing in a long "coach class" security checkpoint line when he noticed that "first class" passengers who had arrived after he were allowed to enter a separate line. Those passengers then allegedly passed through the security checkpoint ahead of Plaintiff and others who had been waiting in the coach class line.

Plaintiff filed suit on October 31, 2008 and later filed a first amended complaint ("FAC") on January 21, 2009, naming the Transportation Security Administration ("TSA"), Delta, and San Diego Regional Airport Authority ("Airport Authority"). (Doc. No. 13.) On February 9, 2009, Delta filed a motion to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. No. 14.) On March 12, 2009 Delta filed a reply brief underscoring Plaintiff's failure to timely oppose the motion. (Doc. No. 19.) On March 19, 2009, Plaintiff filed an opposition to the motion (Doc. No. 26,) and Delta filed an additional reply brief. (Doc. No. 27.) The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.  Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To a void a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). The Court recognizes the mandate to construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated. Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

II.     Plaintiff's Claim Under 42 U.S.C. § 1983

Plaintiff seeks relief under 42 U.S.C. § 1983, arguing he was deprived of his constitutional rights when Delta "segregated [or] permitted the segregation of first class and coach class passengers." (FAC at 2.) 42 U.S.C. § 1983 imposes liability on:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

Section 1983 "does not create substantive rights; it merely serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). "To establish a prima facie case under § 1983, [a plaintiff] must establish that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct violated a right secured by the Constitution and laws of the United States." Humphries v. County of L.A., 554 F.3d 1170, 1184 (9th Cir. 2009) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Plaintiff's claim fails because he does not sufficiently allege Delta was acting under color of state law or that he was deprived of any right secured by the Constitution or laws of the United States.

A)      Action Under Color of State Law.

Section 1983 only provides a remedy against persons acting under color of *state* law. Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008) (emphasis added); Gorenc v. Salt River Project Agricultural Improv. & Power Dist., 869 F.2d 503, 506 (9th Cir. 1989) ("Liability [under § 1983] attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'") (citation omitted).

Plaintiff argues Delta, a private company, acted under color of state law by virtue of its "joint participation and official cooperation" with the TSA in the operation of the checkpoint.

1 (FAC at 2-3.)  This argument fails.  The TSA is a *federal* agency,[1] and operates its security
2 checkpoints pursuant to *federal* law.  See 49 U.S.C. § 114 (conferring upon the head of the TSA,
3 the Under Secretary of Transportation for Security, responsibility for "day-to-day Federal security
4 screening operations for passenger air transportation" under 49 U.S.C. § 44901); 49 U.S.C. §
5 44901 ("In the case of flights and flight segments originating in the United States, [passenger]
6 screening shall take place before boarding and shall be carried out by a Federal Government
7 employee. . . .").  "[B]y its very terms, § 1983 precludes liability in federal government actors."
8 Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's
9 complaint "invalid on its face in its reliance upon § 1983 as a cause of action against alleged
10 federal government actors").  It follows that Delta's alleged "joint participation and official
11 cooperati[on]" with the TSA was not an action under color of state law.

12 Plaintiff further alleges Delta acted under color of state law by "joint participation and
13 official cooperati[on]" with the Airport Authority in operating the TSA security line.  This claim
14 also fails because although the Airport Authority is potentially subject to liability under § 1983,[2]
15 Plaintiff has not adequately alleged the Airport Authority *itself* acted under color of state law.  As
16 discussed *supra*, the operation of a TSA security screening line is governed by federal law.  When
17 an alleged constitutional violation "is the joint product of the exercise of a State power and a
18 non-State power then the test under . . . § 1983 is whether the state or its officials played a
19 'significant' role in the result."  Green v. Dumke, 480 F.2d 624, 629 (9th Cir. 1973) (citing
20 Kletschka v. Driver, 411 F.2d 436, 447-49 (2d Cir. 1969)).  Plaintiff has not alleged what role, if
21 any, the Airport Authority played in operating the TSA security line, much less that its role was
22 significant.  Accordingly, it follows that Plaintiff has not sufficiently alleged Delta acted under
23 color of state law by acting in concert with the Airport Authority in operating the TSA line.

24 Finally, Plaintiff has not alleged Delta acted under color of state law independent of its

---

[1] Shortly after the terrorist attacks of September 11, 2001, Congress passed the Aviation and Transportation Security Act ("ATSA"), Pub.L. No. 107-71, 115 Stat. 625 (2001), which established the TSA.

[2] See Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) ("A local government entity is liable under § 1983 when 'action pursuant to official municipal policy of some nature causes a constitutional tort.'") (citation omitted).

allegedly concerted conduct with the other defendants to operate the TSA security checkpoint. "Individuals and private entities are not normally liable for violations of most rights secured by the United States Constitution." Morse v. North Coast Opportunities, 118 F.3d 1338, 1340 (9th Cir. 1997). In order to maintain a cause of action against a private entity based on constitutional violations, a Plaintiff must show that the challenged actions are "fairly attributable" to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (U.S. 1982). Plaintiff has not alleged Delta's activities in regulating the security line were fairly attributable to any law or policy at the state or local level. See Ibrahim, 538 F.3d at 1257 (holding § 1983 did not give the plaintiff a cause of action against an airline and its employee "because she ha[d]n't alleged that either party was acting under color of California or local law.") Accordingly, Plaintiff has not sufficiently alleged Delta acted under color of state law, and his § 1983 claim against the airline fails.

### B) Equal Protection Claim

Even assuming Plaintiff has adequately alleged the existence of action under color of state law, his complaint against Delta must still be dismissed because it fails to adequately allege the deprivation of any right secured by the Constitution or laws of the United States. Plaintiff's sole allegations regarding Delta's violation of his constitutional rights are as follows:

> "The segregation and/or permitted segregation of first and coach class passengers by the [defendants] constitutes a discriminatory act by the Defendants against the Plaintiff and other coach passengers on the basis of class and wealth, in violation of the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment. (See Bolling v. Sharpe, 347 U.S. 497 (1954)). [¶] Plaintiff has the constitutionally protected right to equal treatment by the Government, and individuals should not be afforded the opportunity to pay for preferential government treatment."

(FAC at 2.) Based on Plaintiff's allegations of unequal government treatment and the FAC's citation of Bolling v. Sharpe,[3] the Court construes Plaintiff's complaint as an equal protection claim.[4]

---

[3] In Bolling, the Supreme Court held that the racial segregation of public schools violated the Fifth Amendment's guarantee of due process of law. Bolling, 347 U.S. 407, 500 (1954).

[4] The Fifth Amendment does not have an equal protection clause, but contains a due process clause prohibiting "the federal government from engaging in discrimination that is 'so unjustifiable as to be violative of due process.'" Rodriguez v. Cook, 169 F.3d 1176, 1178-1179 (9th Cir. 1999). Fifth Amendment due process provides the same protection and requires the same analysis as

1       "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (citations omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of [equal protection] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." <u>Id.</u> (citing <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999)). Plaintiff has not properly pled either of these required elements.

      First, Plaintiff has not alleged the requisite discriminatory intent. Purposeful discrimination is an essential element of an equal protection clause violation. <u>Gutierrez v. Municipal Court of the Southeast Judicial District</u>, 838 F.2d 1031, 1047 (9th Cir. 1988). Plaintiff alleges that he was discriminated against on the basis of "class and wealth" because as a coach passenger he was forced to stand in a longer security line than first class passengers.[5] He has not alleged, however, that Delta purposefully discriminated against less affluent passengers by operating the line.

      Second, Plaintiff has not demonstrated that he is a member of a protected class, because neither wealth nor financial need are suspect classifications for purposes of equal protection analysis. <u>Harris v. McRae</u>, 448 U.S. 297, 323 (U.S. 1980). <u>See</u> also <u>Dahl v. Secretary of the Navy</u>, 830 F. Supp. 1319, 1323 (E.D. Cal. 1993) (noting that suspect classifications are those based on race, religion, or alienage).

      Moreover, when an allegedly discriminatory government action does not involve a suspect classification or implicate a fundamental right,[6] it will survive constitutional scrutiny for an equal protection violation as long as it bears a rational relation to a legitimate state interest. <u>Patel v.</u>

---

Fourteenth Amendment equal protection. <u>Id.</u> at 1179 n.4 (citing <u>Buckley v. Valeo</u>, 424 U.S. 1, 93 (1976)). Accordingly, the Court uses the term "equal protection" to refer to Plaintiff's claims under both the Fifth and Fourteenth Amendments.

[5] Delta also argues that ticketed airline classes are not a valid proxy for wealth. The Court declines to reach the issue at this time because other issues are dispositive.

[6] Fundamental rights include privacy, marriage, voting, travel, and freedom of association. <u>Hoffman v. U.S.</u>, 767 F.2d 1431, 1434-5 (9th Cir. 1985) (citations omitted). Plaintiff has not alleged that any fundamental right has been violated by Delta's actions.

1  Penman, 103 F.3d 868, 875 (9th Cir. 1996).  Plaintiff's equal protection claim also fails because he
2  has not pled facts indicating Delta's actions in operating the security line lacked a rational relation
3  to a legitimate state interest.  Accord Wolfe v. Deeb, 2005 U.S. Dist. LEXIS 4873 at * 13-14 (N.D.
4  Cal. Mar. 22, 2005) (dismissing a § 1983 equal protection claim and relying on the holding in
5  Wroblewski v. Washburn (965 F.2d 452, 459-60 (7th Cir. 1992)) that "[t]o survive a motion to
6  dismiss for failure to state a claim, a Plaintiff must allege facts sufficient to overcome the
7  presumption of rationality that applies to government classifications.")

## CONCLUSION

For the reasons stated herein, Delta's motion to dismiss the FAC is GRANTED.  If Plaintiff desires to file an amended complaint that cures the deficiencies set forth herein, **he shall file the amended complaint on or before May 14, 2009.**

**IT IS SO ORDERED.**

DATED:  April 15, 2009

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**